## ORTON vs. NOONAN & McNAB.

*Pleading. — Reply to counterclaim. — Effect of demurrer thereto.*

1. DIXON, C. J., adheres to the opinion that the lease to defendants on which the action is founded, is a demise for a future term of ninety-nine years, to take effect at the expiration of the term first limited, on due notice that the lessees so elected, and that plaintiff (the assignee of the reversion, in possession when the original term expired) is not bound to execute any new lease. He therefore declines to express any opinion as to what covenants such new lease, if given, should contain. [See 27 Wis., 272, 300.]

COLE, J., adheres to the view that said lease was a demise for the term first limited only, and that plaintiff should be adjudged to execute a new lease for ninety-nine years with the same covenants as in the former lease (except that for a renewal); but that such covenants should be so framed as to bind him personally only while he retained title to the premises. [27 Wis., 300.]

LYON, J., having tried the cause once at the circuit, declines to express any opinion as to whether a new lease should be required, or if so, what covenants it should contain.

2. If plaintiff was not bound to renew the lease, defendants' counterclaim of damages for his refusal to do so is bad; if he was bound to renew with covenants binding him only while he held the title, his reply that on, etc., he had conveyed the premises, is good, as affecting the damages. In either case defendants cannot object to an order overruling their demurrer to the reply.

APPEAL from the County Court of *Milwaukee* County.

The complaint in this action is stated in the report of a decision of this court upon a former appeal herein. 27 Wis., 272–275. After that decision was rendered, and the cause remitted to the Milwaukee circuit court, the place of trial was changed to the county court of the same county; and there the defendants filed a further and amended answer, which, among other things, set up a counterclaim for damages to the amount of $45,000, alleged to have accrued to defendants from the plaintiff's refusal to execute a new lease to them for the term of

ninety-nine years from the 8th of January, 1855, in accordance with the covenants of their former lease. The plaintiff filed a reply, alleging that on the 5th or 6th of April, 1866, he sold and conveyed to one D. C. Mason the water power, land and dam mentioned in the original lease to defendants. The defendants demurred to this reply as not stating a valid defense against the counterclaim above described. The court overruled the demurrer; and the defendants appealed from the order.

*J. Downer*, for appellants, contended : 1. That by the terms of the original lease, plaintiff, as assignee of the reversion, in possession when the term first limited in the lease expired, were bound to execute a new lease with the covenants of the former, except that to renew.* 2. That plaintiff is liable for all damages for a refusal to renew, the same as the original lessors would have been, if, owning the premises when the former term expired, they had refused to renew. He not only refuses to renew himself, but thereby prevents the tenant or his assignee from enforcing a renewal against any subsequent owner of the reversion. No suit for damages can be maintained by the lessees against *Orton's* assignee; and certainly no action for a renewal of the lease, unless *he* has first renewed it, even under the opinion of Mr. Justice COLE. If, then, full damages cannot be recovered from *Orton*, they cannot be recovered from any one, unless the lessees go back to the original lessors; and no more damages could be recovered against them than against *Orton*. *Taylor v. Stibbert*, 2 Ves., Jr., 437; *Furnival v. Crew*, 3 Atk., 83; *Earl Brook v. Bulkeley*, 2 Ves., Sr., 497; *Piggot v. Mason*, 1 Paige, 412; 1 Platt on Leases, 732, 740, 741.

*John J. Orton*, respondent, in person.

The following opinion was filed at the January term, 1872.

LYON, J. This action is to recover certain rents, which the plaintiff claims are due to him from the defendants by virtue

---

*The argument of counsel on this point will be found somewhat fully reported in 27 Wis., 318–326.—REP.

of the covenants contained in a certain lease executed by the assignors of the plaintiff to the defendants. This lease has occasionally been before this court during the last sixteen years, and is fully set out in the opinion delivered by the late Chief Justice WHITON in the case of *Noonan & McNab v. Orton*, 4 Wis., 335. That action was brought to compel *Orton* to extend such lease for ninety-nine years, pursuant to one of the covenants contained in it. It has made its appearance in this court several times during its progress, and is still pending, for some purposes at least, in the circuit court for Racine county, to which it was removed many years ago from the circuit court for Milwaukee county. The cause was brought to a hearing in the Racine circuit court a few years ago, and the plaintiffs, *Noonan & McNab*, obtained judgment that *Orton* extend the lease for the specified term by executing a lease for such term containing the same covenants which are contained in the original lease, to wit: to raise the dam to the height of sixteen feet, and during the continuance of such lease to keep the dam and flume conveying water to the mill of *Noonan & McNab*, in good repair.

An appeal was taken by *Orton* from that judgment, and the decision thereof developed a radical difference of opinion between the chief justice and Mr. Justice COLE relative to the rights and obligations of the parties. They concurred, however, in reversing the judgment of the circuit court. The late Mr. Justice PAINE, who was then a member of this court, having been of counsel in the case at some period during its history, took no part in the decision.

The opinions of the chief justice and of Justice COLE will be found in the 27 Wis., 277, 294, 309. By reference thereto it will be seen that the former holds that the lease was extended for ninety-nine years by the act of giving notice that the lessees elected to have the same extended; that no new lease was necessary; and that *Orton* should not be compelled to execute one; while, on the other hand, the latter holds that *Orton* should be com-

pelled to extend such lease, but with qualified covenants restricting his obligation in respect to the dam and flume to the time during which he should remain the owner of the demised premises and property.

In this action the defendants interposed a counterclaim for damages for a breach of the covenant to extend or renew the lease, to which the plaintiff replied that in April, 1866, he sold and conveyed said water power, land and dam in said lease mentioned, to one D. C. Mason, and has had no possession or title thereto since that time. The defendants demurred to such reply, and assigned for ground of demurrer that the reply did not state facts sufficient to constitute a valid defense to such counterclaim.

From an order of the county court overruling such demurrer, the defendants appeal to this court.

I. It is perfectly apparent that if the views of the chief justice are correct, the counterclaim of the defendants fails to state a cause of action. If *Orton* is under no obligation to renew the lease, then of course the lessees can have no right of action against him for failing to do so. In such case the demurrer to the reply might well have been sustained as a demurrer to the counterclaim. But instead of doing so, the court overruled the demurrer. The defendants cannot be heard to object that their own pleading should have been held invalid.

II. If the views of Mr. Justice COLE ought to prevail, the counterclaim contains a good cause of action, and the defendants are entitled to recover damages for the breach of the covenant to extend or renew the lease. The measure of damages in that case would probably be the value of the lease, although, under some of the authorities, there may be room for doubt whether, *before eviction*, this is the correct rule. For the purposes of this appeal, however, we will assume it to be so. Conceding, then, that the defendants must be allowed the value of the renewed or extended lease as damages for the plaintiff's breach of the covenant to execute the same, it seems

Orton vs. Noonan & McNab.

obvious that such value must depend somewhat upon the covenants contained in it. A lease of 2,000 cubic inches of water under a head of sixteen feet, for ninety-nine years, containing the personal covenant of the plaintiff to maintain the dam at that height and to keep the dam and the flume which con · ducted the water to the mill of the defendants in repair during the whole term, is certainly more valuable than it would be were such personal covenants restricted to such time as the plaintiff might remain the owner of the demised premises and property. The personal covenant of the plaintiff in such case has a money value, which necessarily enhances the value of the lease, and the time which those covenants are to run is an important element to be considered in ascertaining such value. Hence, the plaintiff may properly plead and prove when his personal liability on the covenants ceased, in order to reduce damages.

Upon this theory, therefore, the reply was well pleaded, and the demurrer thereto properly overruled.

III. We are strongly urged by the counsel for the defendants to give a decision construing definitely the covenant to extend the lease, so that the parties may know their rights and obligations in this respect, when the action shall be tried. This request appears reasonable, and were it not for certain special circumstances, which will presently be mentioned, we should doubtless comply with it.

It is apparent, in view of the difference of opinion before mentioned, that if this covenant is construed by this court as now constituted, I must act as umpire between my brethren, and thus, in a certain sense, assume the responsibility of deciding the question involved. Under ordinary circumstances I should not shrink from this, or any other official duty. But it is proper to state that the judgment in the circuit court for Racine county, mentioned in the foregoing statement of facts, was rendered by me when I presided in that court. By that judgment, and the findings of fact and law upon which it was based, I gave a construction to this covenant to extend the

lease, which construction was substantially different from that given to it by either of my brethren. It is true that I supposed until recently that such judgment was rendered *pro forma*, for the purpose of getting the case to the supreme court in order to obtain an authoritative construction of this covenant of the lease. Until some time after the judgment was rendered, such was my recollection of the fact. But I find with the record, which comes here on an appeal from an order in the case pending in the Racine circuit court, an affidavit made by the counsel for the defendants, to the effect that his recollection is that the judgment was not rendered *pro forma*, but that the facts and law were, to some extent at least, considered by me. I freely concede that the counsel would be more likely to recollect the facts correctly than I would; and I do not hesitate to adopt his statement as the correct one, although different from my former recollection of those transactions.

The fact being conceded that I rendered that judgment upon some deliberation, and not entirely *pro forma*, it becomes a very serious question whether I am not disqualified to take part in this court in deciding the same matters which I decided in the court below.

Sec. 22, ch. 119 of the revised statutes, is as follows: "No judge of an appellate court, or of any court to which a writ of *certiorari* or of error shall be returnable, shall decide or take part in the decision of any cause *or matter* which shall have been determined by him while sitting as a judge of any other court, unless there shall not be a quorum without him."

I must be permitted to satisfy myself fully that this statute does not disqualify me from giving a construction to the covenants of the lease, before I can consent to assume so grave a responsibility.

*By the Court.*— Order affirmed.

A motion by the appellants for a rehearing was denied, and the following opinion filed, at the June term, 1872.

DIXON, C. J. I have read and carefully considered the arguments of the learned counsel for the defendants, as well that here made in support of the motion for a rehearing as those formerly presented on other appeals, and especially those parts of them addressed to myself for the purpose of showing that I am wrong in the construction I have put upon the lease with respect to the alleged covenant on the part of the lessors, their representatives, etc., to execute and deliver a *new* lease at the expiration of the first four years, or to make, sign and deliver a memorandum or contract in writing *renewing* the same lease for the extended term, when the lessees gave notice of their election to hold for such term. Suffice it to say I am not yet convinced I am in error, but am of the same opinion still. I still think no new lease or renewal in writing of the existing lease was contemplated or required. My reasons for this conclusion, and the authorities supporting it (which last are in my judgment very clear and strong, and of which none to the contrary have since been found or cited by counsel), will appear from a perusal of the opinion in 27 Wis. R., commencing on page 277. To those reasons and authorities there are no others which I now desire to add, and it occurs to me, after repeated re-arguments, that there are none of them which I would modify or take away. I trust it is with proper feelings of delicacy and reserve, and not without that respect which is due to the opinions and judgment of others, that I still adhere to the views there expressed. I trust likewise it will not be regarded that I do so from any motives of obstinacy or over-self-estimation, but that it is from thorough and well grounded convictions of truth, according to the best of my ability to see and understand it.

But, adhering to my former views, or if I should do so, the learned counsel for the defendants asks me to go farther in this case, and to express an opinion upon a question which, according to those views, I do not consider to be at all involved in it. Mr. Justice COLE, differing with me upon the question whether

the making and delivery of a new lease for the ninety-nine years was required or not, holds that it was, but at the same time holds that such new lease, if executed by the assignee of the lessors or their grantee of the reversion, to wit, the plaintiff, who held and owned the estate by conveyance from the lessors at the time the same should have been executed, should only contain covenants *personally* binding the lessor therein, his heirs and personal representatives, *during the time he or they should continue to hold the estate*, and *not* after a conveyance of the estate by him or them.   27 Wis., page 310 and following. Upon this last question the learned counsel is as decidedly at variance with Mr. Justice COLE, as he is with me upon the former.    He maintains and argues on this motion, and has heretofore argued with great force and ability (27 Wis., 318–324), that Mr. Justice COLE is in error in his conclusion as to the nature of the covenants to be inserted in the new lease; his position in this respect being, that the plaintiff, as the assignee and holder of the estate or fee of the land at the time the lease should have been renewed, stood in the place of the original lessors, and was bound to execute the same kind of a lease, with the same covenants, or, as one of the authorities expresses it, "to execute a new lease specifying the covenants in the former *in totidem verbis*," the same as the original lessors would have been required to do, had they not parted with the estate. With these differences existing between Mr. Justice COLE and myself, and between myself and counsel, and between Mr. Justice COLE and counsel, and while Mr. Justice LYON declines, for reasons stated in his opinion, to decide between us, counsel asks me to pass beyond all questions which I conceive to be in the case, and to express an opinion upon one which I regard as entirely out of it.   It has not yet been decided by this court that a new lease was required, and, for aught I know, may never be.

When Mr. Justice LYON concludes, as he may perhaps do, to take part in the decision of the question upon which Mr.

Orton vs. Noonan & McNab.

Justice COLE and I differ, and concurs with Mr. Justice COLE, in case he should so concur, or when it is otherwise decided by a majority of the court that a new lease was required, it may then become my duty, should it be my fortune to be still sitting here, to express an opinion upon this important question. At present, however, I do not conceive such to be my duty at all, but quite the contrary ; especially when I take into consideration the reasons advanced by counsel for my so doing. Counsel, concurring with Mr. Justice COLE that a new lease was required, but disagreeing with him as to the nature of the covenants to be inserted in it, says that both the learned judges of the courts below in which these actions (this and other similar actions between the same parties, growing out of the same lease) are depending, namely, the judge of the county court of Milwaukee county and the judge of the circuit court of the first judicial circuit, agree also with Mr. Justice COLE upon the first proposition, or that the execution of a new lease was intended.    Counsel urges the opinions of those two learned judges, for whom I entertain the greatest respect, as strong evidence that I am in error in the view I have taken of the same question, and that I should change it.    But counsel further says that those learned judges, having adopted Mr. Justice COLE's view of that question, may also adopt his view of the other, which counsel regards as erroneous; and, hoping that I may disagree with Mr. Justice COLE upon that as upon the first question, he insists that I shall give an opinion, so that he may use it in the courts below as a counterpoise to the opinion of Mr. Justice COLE, or as a kind of antidote for the mischief or evil which he anticipates may arise from what he considers Mr. Justice COLE's error.    I cannot consent to travel out of the case on any such errand ; and besides, counsel greatly discourages me when he says that those learned judges so readily rejected my view of the first question, and the reasons which I attempted to give in support of it.    The remarks of the learned counsel upon this motion for re-argument, as well

as in other arguments of the same questions heretofore made, lead me greatly to doubt whether I could be of any service to him, or would not bring weakness rather than strength to his side of the question, should I embrace and endeavor to support his views.

In every light in which the question presents itself to my mind, therefore, it seems clear that I ought not at this time to express any opinion upon it; and I must decline to do so.

*By the Court.* — The motion for a rehearing is denied upon grounds stated in the original opinion.